IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| VICTOR ANDREW APODACA, #2143720, <br><br>Plaintiff, <br><br>v. <br><br>UNKNOWN MICHAEL UNIT 1–5, <br><br>Defendants. | § § § § § § § § § § § § § <br><br>Case No. 6:24-cv-368-JDK-JDL |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Victor Apodaca, a Texas Department of Criminal Justice inmate proceeding *pro se* and *in forma pauperis*, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On December 2, 2024, Judge Mitchell issued a Report and Recommendation recommending that the Court dismiss this case with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2). Docket No. 12. Plaintiff objected. Docket No. 21.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other*

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to de novo review. *See United States v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'" (internal citations omitted)); *see also Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 2002) (unpublished) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

Plaintiff's objections fail to identify any error in the Report. The Magistrate Judge recommended dismissal of Plaintiff's claims because the facts he alleged amount to possible negligence rather than deliberate indifference to his safety or serious medical needs, and because he failed to state a claim for any supervisory liability. Docket No. 12. Rather than point to any error in the Report, Plaintiff's arguments continue to rest on facts and speculation that fail to establish deliberate

indifference, such as his assertion that the "the only way this is even possible is due to an officers failure in doing there job abiding by TDCJ policy, and safety protocols." Docket No. 21 at 4.   But, as the Magistrate Judge explained, the deliberate indifference required to establish a constitutional violation is a high bar, and the Court cannot presume such a violation by any defendant from the simple fact that an assault occurred.  *See* Docket No. 12 at 7–12.

Plaintiff, moreover, relies heavily on the fact that the underlying assault took place in administrative segregation—where he asserts the inmates are known to be dangerous—and that it was the second such assault on him.  But he acknowledges that the assaults involved different officers and inmates who attacked him.  Docket No. 21 at 1, 4.  Accordingly, he does not allege that the first assault caused anyone to subjectively know that a second inmate posed a substantial danger to him.  Instead, he seems to suggest that *any* inmate assault in a high security area of the prison *must* amount to a constitutional violation, effectively asserting that strict liability applies regarding inmate safety in administrative segregation.  But the Fifth Circuit has expressly rejected such a theory of strict liability even in prisons with "a history of violence and inmate-on-inmate attacks":

> If we were to accept the plaintiffs' argument that the foregoing evidence of a history of violence and the conditions within Unit 32, generally, permits a factfinder to draw the conclusion that when [a corrections officer] failed to give the two extra pellets to [a supervisor] as she left the exercise yard, she appreciated that there was an excessive risk of harm to inmates and knowingly disregarded that risk, then liability for acts or omissions that would otherwise constitute negligence can be imposed whenever a corrections officer . . . knows that she is working in a prison with a similar history.  *That is analogous to a form of strict liability for corrections officers . . . , and the Eighth Amendment does not*

3

> *support such a theory of culpability.* Imposing liability because an officer . . . is aware that inmates have attacked other inmates in the past would demand near-perfect foresight from prison guards.

*Williams v. Hampton*, 797 F.3d 276, 289–90 (5th Cir. 2015) (en banc) (emphasis added). Further, the alleged brief delay in Defendants' responding to the assault does not establish deliberate indifference in this case, for the reasons explained by the Magistrate Judge. *See* Docket No. 12 at 10. The Magistrate Judge also correctly found that the chronology of medical attention and treatment Plaintiff received after this assault does not establish any deliberate indifference to serious medical needs. *See id.* at 12–15.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 12) as the opinion of the Court. Plaintiff's objections (Docket No. 21) are **OVERRULED**. Plaintiff's claims are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

So **ORDERED** and **SIGNED** this **1st** day of **April, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE